## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00017-REB-CBS

ERIN MILLER, and
JILL MILLER, on behalf of themselves and all others similarly situated,

     Plaintiffs,

v.

STARTEK SERVICES, INC., a corporation,
STARTEK USA, INC., a corporation,

     Defendants.

---

## ANSWER TO AMENDED COLLECTIVE ACTION COMPLAINT

---

     Defendants StarTek USA, Inc. and StarTek Services, Inc. a/k/a StarTek, Inc. ("Defendants"),[1] by and through their counsel, Ogletree, Deakins, Nash, Smoak, & Stewart, P.C., respond to the Amended Collective Action Complaint ("Complaint") filed by Plaintiffs as follows:

     1.    The allegations set forth in paragraph 1 of the Complaint do not call for a response.

### (Parties, Jurisdiction and Venue)

     2.    In response to paragraph 2 of the Complaint, Defendants admit that the district court has jurisdiction.  The remainder of the allegations set forth in paragraph 2

---

[1] On February 15, 2011, Plaintiffs moved to dismiss their claims against StarTek Services, Inc. (See Pls.' Mot. to Dismiss Def. StarTek Services, Inc. [Dkt. # 19].)  On February 16, 2011, the Court issued an Order denying Plaintiff's Motion to Dismiss for failure to comply with Local Rule 7.1A.  (See Minute Order [Dkt. #21].)

do not call for a response, but to the extent a response is required, Defendants deny the same.

3.      Defendants admit that Plaintiff Erin Miller was an employee of StarTek USA, Inc. and performed work for Startek USA, Inc. in the State of Colorado. Defendants lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations set forth in paragraph 3 of the Complaint, and therefore deny the same.

4.      Defendants admit that Plaintiff Jill Miller was an employee of StarTek USA, Inc. and performed work for Startek USA, Inc. in the State of Colorado. Defendants lack knowledge or information sufficient to form a belief regarding the remainder of the allegations set forth in paragraph 4 of the Complaint, and therefore deny the same.

5.      Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6.      Defendants admit that StarTek USA, Inc. operates within the United States and is a subsidiary of StarTek, Inc.  Defendants admit that StarTek USA, Inc. is a business processing outsource company that has employees.  Defendants deny the remainder of the allegations set forth in paragraph 6 of the Complaint.

7.      Defendants admit that StarTek USA, Inc. operates call centers in Grand Junction, Colorado; Greeley, Colorado; Decatur, Illinois; Alexandria, Louisiana; Collinsville, Virginia; Lynchburg, Virginia; Mansfield, Ohio; and Jonesboro, Arkansas. Defendants deny the remainder of the allegations set forth in paragraph 7 of the Complaint.

8.      Defendants admit that venue is proper.  Defendants deny the remainder of the allegations set forth in paragraph 8 of the Complaint.

## (Collective Action Allegations)

9.      Defendants incorporate by reference all prior paragraphs in this Answer.

10.     Defendants deny that they violated the FLSA.  The remainder of the allegations set forth in paragraph 10 of the Complaint do not call for a response, but to the extent a response is required, Defendants deny the same.

11.     The allegations set forth in paragraph 11 of the Complaint contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

a.      Defendants deny the allegations set forth in paragraph 11.a. of the Complaint.

b.      Defendants deny the allegations set forth in paragraph 11.b. of the Complaint.

c.      Defendants deny the allegations set forth in paragraph 11.c. of the Complaint.

d.      Defendants deny the allegations set forth in paragraph 11.d. of the Complaint.

e.      Defendants deny the allegations set forth in paragraph 11.e. of the Complaint.

12.     Defendants deny the allegations set forth in paragraph 12 of the Complaint.

**(Statement of Facts)**

13.     Defendants incorporate by reference all prior paragraphs in this Answer.

14.     Defendants deny that they violated the FLSA.  The remainder of the allegations set forth in paragraph 14 of the Complaint do not call for a response, but to the extent a response is required, Defendants deny the same.

15.     Defendants admit that Plaintiffs Erin Miller and Jill Miller were employees of StarTek USA, Inc.  Defendants lack knowledge or information sufficient to form a belief about allegations pertaining to putative class members, and therefore deny the same.  Defendants deny the remainder of the allegations set forth in paragraph 15 of the Complaint.

16.     Defendants admit that Plaintiffs Erin Miller and Jill Miller worked for StarTek USA, Inc. within the three years preceding January 4, 2011 as customer service representatives who were categorized as non-exempt employees and paid on an hourly basis.  Defendants lack knowledge or information sufficient to form a belief about allegations pertaining to putative class members, and therefore deny the same. Defendants deny the remainder of the allegations set forth in paragraph 16 of the Complaint.

17.     Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18.     Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19.     Defendants deny the allegations set forth in paragraph 19 of the

Complaint.

20.     Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21.     Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22.     Defendants deny the allegations set forth in paragraph 22 of the Complaint.

## COUNT I
## (Violation of FLSA, 29 U.S.C. §§ 207, *et seq.*)

23.     Defendants incorporate by reference all prior paragraphs in this Answer.

24.     Defendants deny the allegations set forth in paragraph 24 of the Complaint.

25.     Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26.     Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27.     Defendants deny the allegations set forth in paragraph 27 of the Complaint.

## COUNT II
## (Willful Violation of FLSA, 29 U.S.C. §§ 207, *et seq.*)

28.     Defendants incorporate by reference all prior paragraphs in this Answer.

29.     Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32.     Defendants deny any allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to state a claim upon which relief may be granted.

2.     Plaintiffs' claims, and the claims of putative collective action members, are barred in whole or in part by the applicable statute of limitations.

3.     Some or all of Plaintiffs' claims, and the claims of potential opt-in plaintiffs, if any, are barred in whole or in part by the doctrine of unclean hands.

4.     Defendants' conduct was neither willful nor wanton.

5.     Plaintiffs, and potential opt-in plaintiffs, if any, are not entitled to liquidated damages under 29 U.S.C. § 260, since, at all times relevant and material herein, Defendants acted in good faith and had reasonable grounds for believing that they did not violate the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

6.     Plaintiffs' claims, and the claims of potential opt-in plaintiffs, if any, are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207.

7.     All or part of the time for which Plaintiffs seek compensation does not

constitute compensable working time within the meaning of the FLSA, Portal to Portal Act, and applicable regulations.

8.     Plaintiffs have failed to state a claim upon which relief may be granted because, among other reasons, Plaintiffs were compensated for all appropriate wages for all hours worked.

9.     Those Plaintiffs or putative collective action members who were entitled to overtime compensation as required by the FLSA were paid in accordance with the FLSA and its overtime rate.

10.    Without admitting that any violations of the FLSA have occurred, the de minimis rule applies to any such alleged violations.

11.    Defendants did not request that Plaintiffs or putative collective action members work uncompensated overtime hours, nor did Defendants know or have reason to know that Plaintiffs or putative collective action members were working any uncompensated overtime hours beyond the restrictions imposed by their supervisors. Defendants did not receive any benefit from any of the claimed overtime hours allegedly performed by Plaintiffs or putative collective action members.  Accordingly, Defendants are not liable under the Fair Labor Standards Act for any alleged unpaid overtime hours.

12.    Plaintiffs and putative collective action members are estopped from bringing a cause of action under the Fair Labor Standards Act or from receiving time and one-half for all hours worked because, among other things, to the extent they worked overtime, they voluntarily, and without Defendants' knowledge, under-reported their hours of work, accepted the denominated rate of pay, and/or failed to comply with

the prevailing terms, conditions, policies, and procedures governing their employment, including the policies and procedures governing overtime.

13.     Plaintiffs have not alleged facts sufficient to bring a collective action under § 216(b) of the FLSA.

14.     This lawsuit cannot be maintained as a collective action because Defendants' policies and practices comply with all FLSA requirements, as well as other statutory and regulatory requirements, and Plaintiffs have failed to identify any uniform policy that facially creates an overarching unlawful pay practice in violation of the overtime pay requirements of the FLSA.

15.     This lawsuit cannot be maintained as a collective action because, during Plaintiffs' and putative collective action members' employment with Defendants, they were not similarly situated to each other or to any other employees, and there is no commonality between Plaintiffs' and putative collective action members' circumstances, individually and collectively, and those of any other employees of Defendants.

16.     This lawsuit cannot be maintained as a collective action because Plaintiffs and/or their counsel are not adequate representatives for the proposed collective action.

17.     Plaintiffs and putative collective action members have not properly consented to be parties to an FLSA § 216(b) collective action.

18.     Plaintiffs and putative collective action members have failed to mitigate damages.

19.     Should the Court certify this matter as a collective action, Defendants reassert each of these affirmative defenses with respect to each class member or

person filing a consent to join this action.

WHEREFORE, Defendants prays that Plaintiffs Amended Collective Action Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants for their costs expended hereto, including attorneys' fees, and for such other relief as the Court deems appropriate.

Dated this 16th day of February, 2011.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Steven W. Moore*
Steven W. Moore
Stacy D. Mueller
Austin E. Smith
1600 Broadway, Suite 1940
Denver, Colorado  80202
Tel:  303.764.6800
Fax:  303.831.9246
steven.moore@ogletreedeakins.com
stacy.mueller@ogletreedeakins.com
austin.smith@ogletreedeakins.com

Attorneys for Defendants StarTek USA, Inc. and StarTek Services, Inc. a/k/a/ StarTek, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of February, 2011, I electronically filed the foregoing **ANSWER TO AMENDED COLLECTIVE ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:


Kirby Dee Farris
kfarris@frplegal.com

J. Adam Clayton
aclayton@frplegal.com

D. Brett Turnbull
bturnbull@frplegal.com


Attorneys for Plaintiffs
Erin Miller and Jill Miller


s/ Steven W. Moore