**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00017-REB-CBS

ERIN MILLER, and
JILL MILLER, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

STARTEK USA, INC., a corporation,

    Defendant.

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR
CONDITIONAL COLLECTIVE ACTION CERTIFICATION
AND COURT ASSISTED NOTICE PURSUANT TO 29 U.S.C. § 216(B)**

---

**Blackburn, J.**

The matter before is **Plaintiffs' Motion and Brief in Support of Conditional Collective Action Certification and Court Assisted Notice Pursuant to 29 U.S.C. § 216(b)** [#27][1] filed March 15, 2011. I grant the motion and conditionally certify a collective action for purposes of notice and discovery.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (Fair Labor Standards Act).

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

## II. STANDARD OF REVIEW

This case involves alleged violations of the overtime provisions of the Fair Labor Standards Act ("FLSA" or "the Act"). Plaintiffs seek to pursue a collective action under the Act on behalf of defendant's customer service representatives ("CSRs") and technical service representatives ("TSRs"). Section 216(b) of the Act provides the exclusive means of bringing such class-wide claims to redress alleged violations of the FLSA. *See* 29 U.S.C.A. § 216(b); **Brown v. Money Tree Mortgage, Inc.**, 222 F.R.D. 676, 678-79 (D. Kan. 2004). Contrary to the procedures governing a typical class action under Rule 23, plaintiffs who wish to participate in such a collective action must opt in to the action. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); **In re American Family Mutual Insurance Co. Overtime Pay Litigation**, 638 F.Supp.2d 1290, 1298 (D. Colo. 2009).[2]

---

[2] Chief Judge Daniel explained the rationale underlying this unique procedure in a recent decision,

> Congress specifically abandoned a representative, opt-out scheme and created the current opt-in procedures for FLSA actions in response to "excessive litigation spawned by plaintiffs lacking a personal interest in the outcome," in order to limit "private FLSA plaintiffs to employees who asserted claims in their own right," and to free "employers from the burden of representative actions." **Hoffmann-La Roche Inc. [v. Sperling]**, 493 U.S. 165, 173, 110 S.Ct. 482, [488,] 107 L.Ed.2d 480 (1989). "The opt-in language of § 216(b) was a direct result of this clear congressional dissatisfaction with the original class action provisions of the FLSA" and was designed to "limit the burden on the defendant and the participation of the court." **Dolan [v. Project Constructions Corp.]**, 725 F.2d [1263] 1267 [(10th Cir. 1984)]. Unlike a Rule 23 class action, once a FLSA collective action is initially certified upon a determination that a group of employees are "similarly situated," the opt-in plaintiffs may be subject to some individualized discovery, following which they will be required to demonstrate that they are "similarly situated" under a stricter standard. **Thiessen**, 267 F.3d at 1102-3.

A collective action under the FLSA may be maintained only by and among employees who are "similarly situated." The Tenth Circuit has adopted a two-step analysis governing this determination. At the initial "notice stage," the trial court must determine whether plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." **Thiessen v. General Electric Capital Corp.**, 267 F.3d 1095, 1102 (10th Cir. 2001), **cert. denied**, 122 S.Ct. 2614 (2002) (citation and internal quotation marks omitted). The court makes this determination relying on the allegations of the complaint and any affidavits filed by plaintiffs. **Brown**, 222 F.R.D. at 680. Certification at this step is conditional, and the standard of proof "is a lenient one that typically results in class certification," allowing notice to be sent to the putative class members and discovery to be undertaken. **Id.** at 679.

After discovery is complete, the second, or "decertification," stage occurs. At that point, the court applies a much stricter standard to determine whether class members are similarly situated and, consequently, whether the action should continue as a collective action. In making that determination, the court must evaluate, *inter alia*, "the disparate factual and employment settings of the individual plaintiffs; the various

---

> As the Third Circuit noted "mandating an opt-in class or an opt-out class is a crucial policy decision." **De Asencio v. Tyson Foods, Inc.**, 342 F.3d 301, 311 (3rd Cir. 2003). "The FLSA's opt-in provision directly contrasts with Rule 23's opt-out scheme and demonstrates Congress's intent to ensure that parties with wage and hour claims under the FLSA take affirmative steps to become members of a class seeking redress of those claims in federal court." **McClain v. Leona's Pizzeria, Inc.**, 222 F.R.D. 574, 577 (N.D. Ill. 2004).

*In re American Family Mutual Insurance Co. Overtime Pay Litigation*, 638 F.Supp.2d at 1298.

defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filings before instituting suit." **Brown**, 222 F.R.D. at 679 (citing *Thiessen*, 267 F.3d at 1103).

### III.  ANALYSIS

Plaintiffs seek conditional certification under the first prong of the above-described test.  This litigation is still in its nascency, and therefore, it is not the appropriate juncture for the court to weigh evidence or make factual determinations as to the possible ultimate merits of plaintiffs' claims.  *Id.* at 680.  Plaintiffs' burden is merely to present "substantial *allegations*" that all members of the putative class were subject to a single decision, policy or plan.  **See Thiessen**, 267 F.3d at 1102 (emphasis added).  Given that lenient standard, and the fact that little discovery has yet occurred in this case, I find that it would be both legally erroneous and simply unfair to accept the invitation implicit in defendant's voluminous evidentiary submission to investigate further the potential efficacy of the allegations at this stage, although I do consider such evidence in one limited particular, which I detail below.

Looking solely to the allegations of the Amended Complaint and plaintiff's affidavits, I find and conclude that plaintiffs have satisfied their burden to conditionally certify a class.  Plaintiffs allege that their jobs require them to use defendant's computerized network to assist customers who call in for help with billing, technology, and other various questions and issues.  In order to perform this work, the employee first must be logged in to the network, and it requires an average of seven to ten minutes to have all necessary programs up and running so that calls may be accepted.

However, the system does not begin recording compensable work time until all these tasks are completed and the employee's workstation is available to accept calls. Likewise, once an employee's shift has ended, it requires an average of five minutes to shut down the workstation appropriately.  Plaintiffs allege that these preliminary and "postliminary" tasks are integral and indispensable to their principal work activities and thus, must be compensated at an overtime rate of pay as provided by the FLSA.

Based on these allegations of the Amended Complaint, as supported by the affidavits submitted in support of the instant motion,[3] I find and conclude that plaintiffs have presented substantial allegations that the putative class members were, as a group, the victims of a single decision, policy, or plan resulting in potential violations of the FLSA.  Moreover, plaintiffs allege that this violation was willful, which makes the action subject to a three-year statute of limitations.  *See* 29 U.S.C. § 255(a).

Accordingly, this case is conditionally certified properly as a collective action. However, in reviewing plaintiffs' proposed form of notice, I note that they have defined the class of eligible employees to include "all current and former Startek employees holding the title fo CSR and/or TSR[.]"  (Plf. Motion App., Exh. C ¶ III at 2 [#27], filed March 15, 2011.)  The allegations of the Amended Complaint do not support such a sweeping class definition.  Instead, those allegations implicate only CSRs and TSRs whose job responsibilities require them to use defendant's computerized network system to accept and handle customer phone calls.  Moreover, defendant has

---

[3] Defendant characterizes this evidence as "cookie cutter affidavits."  However, given that plaintiffs are alleging, as they must, a company-wide policy, it hardly strikes this court as surprising that their allegations are similar.

presented evidence that the job titles "customer service representative" and "technical service representative" encompass a broad range of job responsibilities, some of which do not involve use of the computerized network and/or handling telephone inquires at all.

Thus, I find that the proposed form of notice attached as Exhibit C to plaintiffs' motion must be amended at paragraph III to read as follows:

> "Eligible employees" are all current and former Startek employees who held the title of CSR and/or TSR and whose work duties and responsibilities involved the use of Startek's computerized network to assist customers by phone.

Likewise, the first paragraph on page one of the proposed notice, which describes to whom the notice is addressed, must be amended similarly to reflect this more limited class definition.  Furthermore, the proposed consent to join form, attached as Exhibit D to plaintiffs' motion, must be amended in the second sentence of the first paragraph of page two to read:

> This collective action group is open to all current and former Startek USA, Inc. employees who were employed as CSRs and/or TSRs for any length of time during the period January 28, 2008, until the present, and whose work duties and responsibilities involved the use of Startek's computerized network to assist customers by phone.

In all other respects, I approve the proposed form of notice and consent to join forms.

Finally, I concur with plaintiffs that any and all consent to join forms should be returned to plaintiffs' counsel no later than 120 days from the date of this order.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

    1.  That the **Plaintiffs' Motion and Brief in Support of Conditional Collective Action Certification and Court Assisted Notice Pursuant to 29 U.S.C. § 216(b)** [#27] filed March 15, 2011, is **GRANTED**;

    2.  That under 29 U.S.C. § 216(b), this case is **CONDITIONALLY CERTIFIED** as a collective action concerning the plaintiffs' claims under the Fair Labor Standards Act on behalf of all current and former customer service representatives and technical service representatives who were employed by defendant for any length of time during the period January 28, 2008, until the present, and whose work duties and responsibilities involved or required use of Startek's computerized network to assist customers by phone;

    3.  That the proposed form of notice, attached as Exhibit C to plaintiffs' motion, as well as the consent to join form, attached as Exhibit D to plaintiffs' motion, are **APPROVED**, with the amendments required and described in this order;

    4.  That defendant is **ORDERED** to provide to plaintiffs, on or before **Wednesday, June 15, 2011**, the names, addresses, phone numbers, and e-mail addresses of the employees defined in paragraph 2, above; and

    5.  That the date reflected in paragraph IX, page 3 of the form of notice **SHALL PROVIDE** that any and all consent to join forms must be received by plaintiffs' counsel by no later than **Tuesday, September 13, 2011**.

    Dated May 16, 2011, at Denver, Colorado.

                                                            **BY THE COURT:**

                                                            */s/ Robert E. Blackburn*
                                                            Robert E. Blackburn
                                                           United States District Judge